**Balraj SINGH, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 04–71588.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2007.\*\*

Filed Oct. 22, 2007.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

na Niguel, CA, Oil, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN and TALLMAN, Circuit Judges, and DUFFY ***, Senior Judge.

## MEMORANDUM ****

Balraj Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming Immigration Judge Wendell A. Hollis's ("IJ") denial of his application for asylum, restriction on removal to India, protection under Article III of the United Nations Convention Against Torture ("CAT"), and explicit finding that Mr. Singh's testimony in support of his asylum application was not credible. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

## I

Mr. Singh submitted an application for asylum on March 29, 2002, claiming that he suffered past persecution in India on account of his race, religion, membership in a particular social group, and political opinion. He was ordered into removal proceedings on August 2, 2002, and testified in front of the IJ on March 28, 2003. The IJ determined that Mr. Singh was not credible and, therefore, denied his application.

The IJ based his decision on a variety of credibility concerns, but the dispositive ground for the adverse credibility finding was the discrepancies in Mr. Singh's explanations surrounding his passport photograph. In his passport photograph, Mr. Singh had short hair and was not wearing a turban. Initially, Mr. Singh claimed that he had short hair and wore no turban because the agent told him it would be easier to travel abroad looking more like a Hindu than a Sikh. When questioned further about the passport photograph, Mr. Singh testified that his hair was short because he was an athlete. The IJ found that Mr. Singh's testimony that he was persecuted because he is a Sikh was not credible because his passport was issued two years before Mr. Singh met the agent and before he even considered leaving India.

## II

Mr. Singh argues that substantial evidence did not support the IJ's finding that his testimony lacked credibility. We review adverse credibility determinations for substantial evidence and will uphold the BIA's and IJ's decisions unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). Where at least "one of the identified grounds is supported by substantial evidence and goes to the heart of [a petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003).

## III

In order to support an adverse credibility finding, discrepancies must be viewable as attempts by the petitioner to enhance his or her claim of persecution. *Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000).

*** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Once a discrepancy can be viewed as enhancing a claim of persecution, the discrepancy must then be found to go to the heart of the asylum claim in order to support a negative credibility finding. *Guo v. Ashcroft,* 361 F.3d 1194, 1201 (9th Cir. 2004).

The discrepancies in Mr. Singh's explanation of his passport photograph call into question his testimony that he is a Sikh and was persecuted because he had conducted rallies in which he advocated that Sikh's should live in freedom in their own kingdom. Thus, these discrepancies go to the heart of his claim that he is a member of a group that is persecuted because of its religion and political views. Therefore, substantial evidence supports the BIA's and IJ's denial of Mr. Singh's application based on an adverse credibility determination. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) ("Eligibility for asylum depends on the credible establishment of these elements [membership in a persecuted group]."). Because Mr. Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.*

Mr. Singh's claim under the CAT is based on the same testimony that the BIA found not credible. Since he points to no other evidence that he could claim the BIA should have considered in determining whether he will be subjected to torture if he is removed to India, his CAT claim also fails. *See id.* at 1157.

The petition for review is **DENIED.**

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).